SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

*Counsel for Plaintiff and the Putative Class*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE FOUNTAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUMAIL, INC., a Delaware corporation,<br><br>Defendant. | Case No. **'12 CV2967 DMS WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dannie Fountain ("Plaintiff" or "Fountain") brings this Class Action Complaint ("Complaint") against Defendant YouMail, Inc. ("Defendant" or "YouMail") to stop its practice of making unauthorized text message calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.  Defendant is a well-known provider of premium voicemail products and services. Defendant's flagship product is a "visual voicemail" smart-phone application, which transcribes voicemail-audio to text so that users are able to read their voicemail messages. To promote its products and brand, Defendant made (or directed to be made on its behalf) unauthorized text

CLASS ACTION COMPLAINT                        1

message calls to the cellular telephones of consumers throughout the country—without prior consent—in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. In fact, neither Plaintiff nor any other member of the putative Class has ever provided Defendant with their cellular telephone numbers, let alone provided it with consent to send them promotional text messages. Rather, YouMail intercepts and retains the cellular telephone numbers of each and every consumer that leaves a voicemail for any of its customers, and then makes unauthorized text message calls to such consumers containing advertisements and promotions for its products and services.

3. By making these unauthorized text message calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text message calls.

4. On behalf of herself and the putative Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message call activities alleged herein and an award of statutory damages to Plaintiff and the members of the putative Class, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Dannie Fountain is a natural person and citizen of the State of Michigan.

6. Defendant YouMail, Inc. is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located at 2102 Business Center Drive, Suite 121, City of Irvine, State of California. YouMail conducts business throughout this District, the State of California, and the United States.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the action arises under the TCPA. This Court has personal jurisdiction over the

Defendant because Defendant conducts significant business transactions in this District, solicits customers in this District, and because Defendant makes unauthorized text message calls to putative Class members located in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts significant business transactions in this District, solicits customers in this District, and because Defendant makes unauthorized text message calls to putative Class members located in this District.

## COMMON FACTUAL ALLEGATIONS

9. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk correspondence cheaply.

10. A "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

12. Beginning in or around January 2012, Defendant initiated a particularly egregious text message marketing campaign to promote its visual voicemail products.

13. That is, in an attempt to build its customer base, Defendant began intercepting and retaining the cellular telephone number of every consumer (including Plaintiff Fountain and the putative Class) who leaves a voicemail for any YouMail customer, so that it can later make promotional text message calls to their cellular telephones.

1       14.     More specifically, when consumers call and leave voicemails for a YouMail customer—via Defendant's service—Defendant intercepts and retains their cellular telephone numbers. Thereafter, Defendant makes a text message call to the caller that includes an advertisement for its products and services and a direct hyperlink to its website (the "YouMail Promotional Text").

        15.     For instance, in or around September 2012, Plaintiff Fountain's cellular telephone rang, indicating that a text message call was being received.

        16.     The "from" field of such transmission was identified cryptically as "52894," a format which is an abbreviated telephone number known as an SMS short code operated by Defendant or Defendant's agents. The text message call stated that it was from Defendant. The body of the YouMail Promotional Text call was substantially similar to the following:

> YouMail TXT Alerts: RE:
> Voicemail for [name of YouMail user]
> ([telephone number of YouMail user]) – View:
> http://ymvm.it/[hyperlink to YouMail's website][1]

        17.     Each YouMail Promotional Text call received by Plaintiff and the putative Class contained a direct hyperlink to Defendant's website, where it heavily promoted its products and services. Specifically, each webpage associated with a YouMail Promotional Text call contained a large banner appearing at the top of the page that looked the same or substantially similar to the advertisement shown in Figure 1 below. *See* Figure 1 (showing a screenshot of an advertisement displayed on the website associated with Defendant's YouMail Promotional Text call).



(Figure 1.)

---

[1]   The name and cell phone number of the YouMail user whom Plaintiff Fountain left a voicemail for has been redacted, along with the web address of the hyperlink as it contains, among other things, an audio recording of the voicemail.

18. Tellingly, if consumers, including Plaintiff or the putative Class, pressed the "Yes, I want it!" icon displayed in Defendant's advertisement, the effect of Defendant's text message marketing campaign became apparent. That is, after consumers pressed the "Yes, I want it!" icon, Defendant would immediately direct them to a mobile application store wherein the consumer could download Defendant's mobile application and register for its service (including an optional paid component).

19. Ostensibly, Defendant made, and continues to make, the YouMail Promotional Text calls to consumers so that it can solicit them to enter into commercial transactions (i.e., encourage consumers to download its mobile application and pay for its service). Notably, Defendant's own website admits that it makes the YouMail Promotional Text call so that "callers can learn about and join YouMail!"

20. Plaintiff did not consent to, request, or otherwise desire or permit Defendant to transmit or make any YouMail Promotional Text calls to her cellular telephone.

21. Defendant did not obtain consent from Plaintiff or the putative Class to make YouMail Promotional Text calls to their cellular telephones. Moreover, none of the YouMail Promotional Text calls made by Defendant provided Plaintiff or the putative Class with a reasonable opportunity to opt out of receiving future YouMail Promotional Text calls.

22. The YouMail Promotional Text calls alleged herein were not made by any other consumer and were solely made by Defendant.

23. Defendant made, or had made on its behalf, the same (or substantially the same) YouMail Promotional Text call *en masse* to thousands of cellular telephone numbers.

24. On information and belief, Defendant made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**CLASS ALLEGATIONS**

25. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil

Procedure 23(b)(2) and (b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All persons in the United States who YouMail made a text message call to, who, at the time the text message call was made, was not a YouMail customer.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant, and (5) the legal representatives, successors, or assigns of any such excluded person.

26. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made YouMail Promotional Text calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

27. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unauthorized text message calls.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether the equipment Defendant used to make the text message calls in question was an automatic telephone dialing system as contemplated by the TCPA; and

(c) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendant made unauthorized commercial text message calls to the wireless telephone numbers of Plaintiff and the putative Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random

or sequential number generator.

33.     These text message calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the putative Class.

34.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, Plaintiff and the members of the putative Class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in damages for each violation of such act.

35.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to section 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dannie Fountain, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying the Class as defined above, appointing Plaintiff Fountain as the representative of the Class, and appointing her counsel as Class Counsel;

(b) An award of actual and statutory damages;

(c) An injunction requiring Defendant to cease all unauthorized text message activities, and otherwise protecting the interests of Plaintiff and the Class;

(d) An award of reasonable attorneys' fees and costs; and

(e) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: December 12, 2012 | **DANNIE FOUNTAIN**, individually and on behalf of all others similarly situated, |
| | By:  /s/ Sean P. Reis |

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
ARI J. SCHARG*
ascharg@edelson.com
CHRISTOPHER L. DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
*Pro hac vice admission to be sought

*Counsel for Plaintiff and the Putative Class*